[Civ. No. 60483. Second Dist., Div. One. Sept. 30, 1981.]

In re AMOS L., a Minor.
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL
SERVICES, Petitioner and Respondent, v.
HAZEL L., Objector and Appellant.

**COUNSEL**

M. Scott Miller, under appointment by the Court of Appeal, for Objector and Appellant.

John H. Larson, County Counsel, and David F. Skjeie, Deputy County Counsel, for Petitioner and Respondent.

**OPINION**

**HANSON (Thaxton), J.**—Hazel L. appeals from the jurisdictional finding of dependency and the dispositional order removing her son, Amos, from her custody. (Welf. & Inst. Code, § 300, subds. (a), (d).)

FACTS

The following facts were adduced at the jurisdictional hearing: On December 20, 1979, Hazel L. brought her five-month-old son Amos to Daniel Freeman Hospital in Inglewood, California, for treatment of possible seizure activity. The nurses noticed two scars on the minor's hand and some circular band-like marks around the minor's legs. The nurses notified the hospital social worker, Robin Richards, of these findings. The next day Ms. Richards examined the minor and noticed the scars and markings. She then called the Inglewood police to investigate the matter.

Later that same day Ms. Richards talked with Hazel L. and her boyfriend, Mr. Hardnet, at the hospital. Ms. Richards questioned them about the burn scars on the minor's hand and the band-like markings around the minor's legs. While in the presence of Hazel L., Mr. Hardnet told Ms. Richards that he had burned the minor on or about November 27, 1979. Furthermore, Mr. Hardnet claimed that he was intoxicated or "high" when he burned the minor. Hazel L. told Ms. Richards that she was not aware of the burns until the next day.

Ms. Richards asked Hazel L. if she had used any drugs during her pregnancy. Hazel L. told her that she had been under a great deal of

stress through the pregnancy and that she had used tuinal, barbiturates and some marijuana.

Ms. Richards then asked Hazel L. to explain the circular band-like scars on the minor's legs. Hazel L. told Ms. Richards that the minor had been wearing socks which were too tight. Hazel L. showed the police and Ms. Richards a pair of socks which had elastic ribbing at the top. The police apparently did not believe Hazel L.'s tight-sock explanation and detained the minor. The minor was placed in a shelter care home.

The Los Angeles County Department of Public Social Services (hereinafter D.P.S.S.) filed a first amended petition on January 25, 1980, alleging that the minor was a dependent child of the court within the provisions of Welfare and Institutions Code section 300, subdivisions (a) and (d).[1]

Under section 300, subdivision (a), D.P.S.S. alleged that "[1] On or about December 20, 1979, mother and/or mother's male companion, Samuel Hardnet, inflicted burns and other injuries to minor's body. Such punishment was excessive and caused said minor unreasonable pain and suffering. [2] On or about December 20, 1979, mother left minor in the care of said companion who was under the influence of alcohol and/or drugs to such a degree as to be unable to properly care for the minor. [3] Minor was born with a detrimental condition consisting of barbiturate withdrawals. Such condition would not occur but for the unreasonable or neglectful acts of the mother." D.P.S.S. alleged the same facts to support a finding of dependency under section 300, subdivision (d).

---

[1]Welfare and Institutions Code section 300, in pertinent part, reads as follows: "Any person under the age of 18 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge such person to be a dependent child of the court:

"(a) Who is in need of proper and effective parental care or control and has no parent or guardian, or has no parent or guardian willing to exercise or capable of exercising such care or control, or has no parent or guardian actually exercising such care or control. No parent shall be found to be incapable of exercising proper and effective parental care or control solely because of a physical disability, including, but not limited to, a defect in the visual or auditory functions of his or her body, unless the court finds that the disability prevents the parent from exercising such care or control.

" . . . . . . . . . .

"(d) Whose home is an unfit place for him by reason of neglect, cruelty, depravity, or physical abuse of either of his parents, or of his guardian or other person in whose custody or care he is."

At the jurisdiction hearing on February 21, 1980, the court listened to the above described testimony from Ms. Richards, Hazel L., and Corita Williams (a witness for Hazel L.). After hearing all the testimony, the court sustained counts I and II and amended count III to read "Mother utilized drugs during pregnancy posing potential hazard to the minor." As amended the court sustained the petition determining Amos L. to be a person within the provisions of Welfare and Institutions Code section 300, subdivisions (a) and (d).

The dispositional hearing was held on March 13, 1980, at which time custody of Amos L. was taken from Hazel L. and Amos was placed in a county foster home. The dispositional order allowed Hazel L. to have weekend visitation every other weekend for 90 days, and then to have Amos for a 90-day extended visitation. Hazel L. appeals from the court's jurisdictional finding and dispositional order.

## ISSUES

Hazel L. contends on appeal (1) that there is insufficient evidence to support a finding of jurisdiction; (2) that there is insufficient evidence to support the dispositional order removing Amos from her custody; and (3) that the judgment of dependency should be reversed due to an abuse of discretion of the juvenile court.

## DISCUSSION

### I

Hazel L. contends that there is insufficient evidence to support the trial court finding of jurisdiction. Specifically she argues (a) that there is no evidence to show that Mr. Hardnet inflicted the burns or any other injuries to Amos; (b) that there is no evidence that she left Amos under Mr. Hardnet's care while he was under the influence of alcohol; and (c) that there is no evidence that Amos was born addicted to drugs.

The standard of proof required in a Welfare and Institutions Code section 300[2] dependency hearing is the preponderance of the evidence. (See § 355.) "If there is any substantial evidence to support the findings of the juvenile court, a reviewing court must uphold the trial

---

[2]Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

court's findings. All reasonable inferences must be drawn in support of the findings and the record must be viewed in the light most favorable to the juvenile court's order. (*In re Carrie W.* (1978) 78 Cal.App.3d 866, 872 [144 Cal.Rptr. 427].)" (*In re Jeannette S.* (1979) 94 Cal. App.3d 52, 58 [156 Cal.Rptr. 262].

Hazel L. argues that there is no evidence to sustain the allegations in counts I and II of the petition, i.e., that Mr. Hardnet inflicted the injuries to Amos and that she left Amos in Mr. Hardnet's care while he was intoxicated. At the jurisdictional (dependency) hearing Ms. Richards (the hospital social worker) testified that Mr. Hardnet told her, in the presence of Hazel L., that he was "high" when he burned the baby. Although hearsay, Mr. Hardnet's statement was admissible under Evidence Code section 1221 as an adoptive admission because Hazel L. was present during the statement and made no effort to refute it. If the statement was false, Hazel L. should have replied because the statement implied that she was negligent in allowing Mr. Hardnet to be with Amos while Mr. Hardnet was "high." Consequently, her silence must be considered a manifestation of her adoption of the statement. With respect to the scars on Amos' legs, the trial judge viewed the evidence, including photographs of the scars on Amos' legs. He concluded that although it may have been possible for the scars to be caused by tight socks, it was a more reasonable and probable conclusion that something else caused the scars.

Hazel L. argued further that there was no evidence that Amos was born with barbiturate withdrawals. A review of the record discloses that no evidence was introduced to show that Amos was born with barbiturate withdrawals. However, count III was amended to conform to the proof: "Count 3 will read, 'Mother utilized drugs during pregnancy posing potential hazard to the minor'." This allegation is supported by testimony of Ms. Richards that Hazel L. told her that she had taken tuinal, barbiturates and marijuana during her pregnancy. Hazel L.'s statement is admissible as an admission under Evidence Code section 1220. Consequently, we conclude that substantial evidence in the record supports the court's finding of dependency under counts I and II and count III as amended.

## II

Hazel L. next contends that there is insufficient evidence to support the dispositional order removing Amos from her custody. She

argues that although the standard of proof at the jurisdictional hearing is "preponderance of the evidence," the standard of proof at the dispositional hearing is "clear and convincing" evidence. Her argument continues that this stricter standard of proof has not been met.

Clear and convincing evidence was required in order to take custody of Amos away from her and place him in a foster home. In an earlier case that dealt with standards of proof in section 300 proceedings, the court declared: "We are of the opinion the clear and convincing proof is required *only* when the final result is to sever the parent-child relationship and award custody to a nonparent. We do not believe the clear and convincing proof is required when the court is simply making the determination of dependency under section 300." (*In re Christopher B.* (1978) 82 Cal.App.3d 608, 617 [147 Cal.Rptr. 390]; see also *In re Terry D.* (1978) 83 Cal.App.3d 890, 898 [148 Cal.Rptr. 221].)

The record in the case at bench discloses that Amos was removed from his mother's custody and placed in a foster home. ▮ According to *Christopher B.* and *Terry D.* the correct standard of proof to be applied at the dispositional hearing in such a case is clear and convincing evidence. However, on appeal, the substantial evidence test applies to determine the existence of the clear and convincing standard of proof, the same as in other cases. (See *In re Terry D., supra*, 83 Cal. App.3d 890, 899.)

▮ In the case at bench the juvenile court found that the dispositional order which placed Amos in a foster home was in the best interests of the minor and the order was made to prevent further detriment to the minor. This determination was based upon the D.P.S.S. disposition social study report and the evidence adduced at the jurisdictional hearing. At the time of the hearing Hazel L. made no objection to the inadequacy, if any, of the social study and she thus waived her right to raise the issue on appeal. (*In re Lynna B.* (1979) 92 Cal.App.3d 682, 703 [155 Cal.Rptr. 256].)

Hazel L. now attempts to argue that the report was inadequate to support the disposition made. Patently, social studies recommending removal of a minor from the home are required to include a plan incorporated in the report or related orally to the court for reuniting the minor with the family. The report recommends that the minor remain in foster placement until Hazel L. shows a consistent commitment to his safety. The report is admissible in evidence and the weight to be at-

tributed to this or any other evidence lies within the province of the trier of fact, in this instance the trial court. (See *In re Heidi T.* (1978) 87 Cal.App.3d 864, 875 [151 Cal.Rptr. 263]; *In re Lynna B., supra,* 92 Cal.App.3d 682, 702.)

Mr. Baskett at the dispositional hearing informed the court that D.P.S.S. and Hazel L. had agreed that the minor might visit his mother every other weekend for three months with a view towards a subsequent extended visit with Hazel L. and eventual return to her home. The substance of this agreement is incorporated in the dispositional order. The report and the testimony taken together are adequate to satisfy the rule of *In re Jeremy C.* (1980) 109 Cal.App.3d 384 [167 Cal.Rptr. 283], and the evidence meets the test for clear and convincing proof to support the dispositional order.

### III

Hazel L. lastly contends that the judgment of dependency should be reversed because certain statements and actions taken by the trial court gave the appearance of bias in favor of D.P.S.S. Specifically, she argues that the bias of the judge was disclosed because he instructed counsel for D.P.S.S. to present items of evidence at certain times during the jurisdictional hearing.

A trial judge is empowered to regulate the order of proof during trial. (Evid. Code, § 320.) Furthermore, the record reveals that the trial judge gave Hazel L. every possible opportunity to address the issues. For example, during closing arguments the judge asked Hazel L. about the leg scars and said: "If you can explain them, I am happy to listen to it." The record is, moreover, devoid of any indication that the trial judge was biased.

Hazel L. further argues that the trial court abused its discretion by compelling her to testify and failing to admonish her of her privilege against self-incrimination. However, testimony by a parent in a section 300 proceeding is specifically prohibited from being admitted as evidence in any other action or proceeding. (§ 355.7.) In view of the statutory protection it was not incumbent upon the trial court to admonish Hazel L. when she testified. Since Hazel L. was not deprived of protections and her testimony as the minor's parent was necessary, the trial judge did not abuse his discretion by ordering her to testify.

## DISPOSITION

The judgment is affirmed.

Spencer, P. J., and Dalsimer, J., concurred.