[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1374 
OPINION
In this appeal from a dispositional order removing the child from the mother's custody, appellant challenges the jurisdictional finding of dependency (Welf. Inst. Code, §300, subd. (b)), contending that she did not constitutionally waive her rights to a contested jurisdictional hearing. We affirm and hold that in a jurisdictional proceeding, the court must advise the parents of their due process rights to a hearing and must obtain an express personal waiver of those rights if the hearing is to proceed without further evidence. Error in obtaining the waiver is subject to harmless error analysis.
Kathy T. gave birth to a daughter, Monique, on June 2, 1991. Both the mother and child tested positive for cocaine. The mother admitted to health care providers that she drank beer and smoked crack cocaine the day before the delivery. She also admitted she did not seek any prenatal care. The mother herself had been physically abused by her own mother, Jacqueline G., with whom she lives in a two-bedroom apartment, together with her *Page 1375 
sisters' 5 children, ages 11 to 18. She was totally unprepared to care for the child. She did not have a crib for the baby and had made no definitive living arrangements. The mother was uncertain whether her mother would allow her to have one of the two bedrooms, since that would displace the children already living there. The only alternative was to move in with her current boyfriend, who is not the child's father. Attempts to contact the boyfriend were unsuccessful since his telephone was disconnected. Kathy was evaluated by a hospital social worker as "intellectually limited."
The child suffered severe medical problems from the drug use and was placed in a home for medically fragile children. She is underweight, has difficulty feeding, vomits frequently and has diarrhea. The baby requires frequent medical care and a rigid feeding schedule.
At the June 6 detention hearing, the mother, through her counsel, waived the reading of the petition, advice of rights and explanation of the proceedings. The child was detained and placed in foster care. Later, at the same hearing, the mother again, through counsel, submitted the matter for a jurisdictional determination based only on the petition and the detention memorandum. The court did not advise the mother of the rights she would be giving up upon the submission. The court sustained the dependency petition, finding the parent was unable to provide regular care to the minor because of her mental illness, developmental disability, or substance abuse (Welf. Inst. Code, § 300, subd. (b)). In its disposition order, the court ordered the foster care placement to be continued, and ordered the mother to participate in individual therapy, parenting classes, drug rehabilitation and other programs. A 60-day interim review was scheduled for September 4, 1991.
(1) Appellant argues that she should have been advised of and should have personally waived the rights attendant to a jurisdictional hearing spelled out in California Rules of Court, rules 1412(i) and 1449(b)[1] before submitting the matter. These rules require the court to advise the parent in a jurisdictional dependency proceeding of the following rights: (1) the right to a hearing by the court on the issues raised by the petition; (2) the right against self-incrimination; (3) the right to confront and cross-examine all opposing witnesses; and (4) the right to compel attendance of witnesses. Additionally, rule 1449(e) permits the parent either to admit the allegations in the petition, plead no contest or "submit the jurisdictional determination to the court based on the information provided to the court, and waive further jurisdictional hearing." Upon submission of the matter to the court, the court must find that the parent knowingly and intelligently waived the rights enumerated above; that she understands the nature of the conduct *Page 1376 
alleged in the petition and the consequences thereof; and that the submission was freely and voluntarily made. (Rule 1449(f)(3), (f)(4), (f)(5).)
The submission was entered as follows:
"The Court: Are the reading of the petition and advice of rights waived, Ms. Gonella?
"Ms. Gonella [appellant's counsel]: Yes, they are waived, and at this time we're prepared to submit the matter on the petition with the knowledge that the Court will almost undoubtedly find jurisdiction in this case.
"The Court: All right, and you have explained to your client and are satisfied that she understands she's giving up her rights to have other evidence presented and to have a contested matter?
"Ms. Gonella: Yes, Your Honor, and I've also explained to her if the child is not returned to her care in one year, she runs the risk of losing her rights as a parent with the child.
"The Court: I'm satisfied that the mother understands her rights and is voluntarily waiving them."
Relying on In re Tahl (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577,460 P.2d 449], the mother contends that the failure of the court to advise and obtain personal waivers to these fundamental rights voids any waiver of a contested jurisdictional hearing, and requires the jurisdictional order to be set aside. In re Tahl,supra, held that prior to acceptance of a guilty plea, the court must enumerate the constitutional rights the criminal defendant is giving up and elicit express waivers of those rights from the defendant. (1 Cal.3d at p. 132.) In a footnote, the court suggested that if the court asked counsel if he had advised the defendant of his right of confrontation and asked the defendant whether he waived that right, and if the court received affirmative replies to both inquiries, this would satisfy the requirement of an express on-the-record waiver of that right. The court went on to emphasize that although the explanation need not necessarily be by the court, "the waiver must be by the defendant." (Id., at p. 133, fn. 6; see also Bunnell v.Superior Court (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302,531 P.2d 1086] [stipulation to submit matter on preliminary hearing transcript requires the trial court to advise defendant of and obtain express waivers to enumerated constitutional rights].)
A dependency proceeding is civil in nature and is designed not to prosecute the parent, but to protect the child. (In reMalinda S. (1990) 51 Cal.3d 368, *Page 1377 
384 [272 Cal.Rptr. 787, 795 P.2d 1244].) Nevertheless, a parent's fundamental right to care for and have custody of her child is implicated and may not be interfered with without due process of law. (Id., at p. 383, fn. 17; Lois R. v. SuperiorCourt (1971) 19 Cal.App.3d 895, 901-902 [97 Cal.Rptr. 158].) Among the essential ingredients of due process are the right to a trial on the issues raised by the petition, the right to confront and cross-examine witnesses, and to compel the attendance of witnesses. (In re Malinda S., supra, at pp. 383-384.) By adopting rule 1449, the Judicial Council recognized these rights are essential to a fair jurisdictional proceeding. Rule 1449 also states the juvenile court "shall" advise the parent of these rights and make a finding that she knowingly and intelligently waived them. (Rule 1449(b) (f).) In light of this unambiguous expression of judicial policy, we must reject respondent's attempt to limit the court's duty to advise and obtain express waivers only to criminal trials as exemplified by Tahl andBunnell.
The advisement of rights and a personal waiver is required, even though the mother agreed to submit the matter at the detention hearing. Rule 1443(c) reads: "At the detention hearing, the parent or guardian may . . . submit the jurisdictional determination to the court based upon the information provided to the court and waive further jurisdictional hearing. [¶] When accepting an admission, plea of no contest, or submission, the court shall proceed according to rules 1449 and 1451."
Because the juvenile court did not explain the rights to the mother as required nor did it obtain her personal waiver of these due process rights, we conclude it was error to accept a waiver of these rights based only on counsel's representations. (2)
Although the waiver was not obtained according to the rules, we deem this error is harmless beyond a reasonable doubt. (Chapman
v. California (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065] [error of constitutional dimension is reviewed under stricter standard].)
In People v. Ray (1990) 220 Cal.App.3d 943 [269 Cal.Rptr. 682], this court held that the failure to advise of constitutional rights before taking an admission of prior convictions in a criminal prosecution was reversible per se. Harmless error analysis may not be applied in that context because prior decisions have established that a criminal plea or admission taken without on-the-record advisement is considered involuntary and could not stand. (Id., at pp. 946-948.) In contrast, a violation of the judicially created rule of procedure requiring advisement on the consequences of a plea or admission requires reversal only if prejudice is shown. (Ibid.; In reRonald E. (1977) 19 Cal.3d 315, 321 [137 Cal.Rptr. 781,562 P.2d 684].) The error here is more akin to the latter category in that the advisements we are concerned with are *Page 1378 
mandated by nonconstitutional rules of procedure, the California Rules of Court. In addition, admission or submission of a dependency petition, while it affects the parent's fundamental rights, does not expose the parent to deprivation of his or her personal liberty, as is the case with criminal pleas. For both these reasons we hold the failure to advise on the record is subject to harmless error analysis. Because we find the error here would be harmless even under the strict standard ofChapman, we need not and do not decide whether that standard or the more easily met reasonable probability test (People v.Watson (1956) 46 Cal.2d 818 [299 P.2d 243]), is the correct test of prejudice for this error.
The mother was represented, at all stages of the proceeding, by an attorney, who explained her rights to her and who indicated that she desired to waive them. She does not deny this, nor does she claim she was under any kind of pressure to waive the rights. Moreover, the evidence of the mother's inability to care for the child is uncontradicted and the mother does not indicate that she could have offered different or more favorable evidence or witnesses. Specifically, the mother urges that the trial court did not give sufficient weight to her professed desire for reunification or to evidence of her compliance with interim court-ordered drug treatment and therapy programs. All these facts were presented to the juvenile court at the time of the jurisdictional hearing. (3) By her argument, the mother essentially attacks the sufficiency of the evidence to support the jurisdictional finding that she is currently incapable of caring for her child. We will uphold the juvenile court's findings if after reviewing the entire record and resolving all conflicts in favor of the respondent and drawing all reasonable inferences in support of the judgment, we determine there is substantial evidence to support the findings. (In re Amos L.
(1981) 124 Cal.App.3d 1031, 1036-1037 [177 Cal.Rptr. 783].)
The evidence overwhelmingly supports the dependency order that the mother is presently unable to properly care for her daughter because of her mental and emotional disabilities and her drug abuse. The child was born with dangerous drugs in her body, which creates a legal presumption that she is a person described by Welfare and Institutions Code section 300, subdivision (b). (In re Troy D. (1989) 215 Cal.App.3d 889, 897 [263 Cal.Rptr. 869].) Welfare and Institutions Code section355.1, subdivision (a) provides: "Where the court finds, based upon competent professional evidence, that an injury, injuries, or detrimental condition sustained by a minor, of such a nature as would ordinarily not be sustained except as the result of the unreasonable or neglectful acts or omissions of either parent, . . . that evidence shall be prima facie evidence that the minor is a person described by subdivision (a), (b), or (d) of Section 300" The detention report indicates *Page 1379 
that the infant is suffering from drug-induced medical problems and requires constant medical attention. The mother's admitted prenatal drug use is probative of future neglect and indicates that the child is in need of the court's protection. (In re TroyD., supra, at p. 899; In re Amos L., supra, 124 Cal.App.3d at p. 1037.) She has not presented sufficient evidence to rebut that presumption, nor does she alert us to any new evidence which she wanted to, but could not, introduce. Additionally, the mother's own mental and emotional disabilities, her drug abuse, the failure to obtain prenatal medical care and her inability to make definite living arrangements in a secure setting for herself and her daughter, reveal a tragic inability to protect and to care for the needs of her medically fragile daughter.
The dispositional order removing Monique from her mother's custody is affirmed.
King, Acting P.J., and Haning, J., concurred.
[1] All references are to the California Rules of Court. *Page 1380