[No. B143242. Second Dist., Div. Four. Aug. 7, 2001.]

In re PATRICIA T. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
PATRICIA O., Defendant and Appellant;
JOSE T., Defendant and Respondent.

## Counsel

Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Joseph D. Mackenzie, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**CURRY, J.**—Appellant Patricia O. is the natural mother of Patricia T., Arturo T., and Damian S.[1] Appellant contends that she did not understand that her waiver of a contested dispositional hearing would result in the denial of reunification services. We affirm.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Respondent Jose T. is the natural father of Patricia and Arturo, who were born, respectively, in 1992 and 1994. Hector S. is the natural father of Damian, who was born in 1996.

On May 25, 2000, the Los Angeles County Department of Children and Family Services (DCFS)[2] filed a dependency petition pursuant to Welfare and Institutions Code section 300[3] regarding Patricia, Arturo, and Damian. The petition alleged that the children faced a substantial risk of harm due to Hector's infliction of inappropriate physical discipline, appellant's failure to prevent this discipline, and appellant's and Hector's history of substance abuse. (§ 300, subds. (a) & (b).)

In connection with the petition, DCFS reported that appellant and Hector had used illegal drugs. In addition, they had engaged in physical violence in Patricia's and Arturo's presence, and Hector had used excessive physical force in disciplining Patricia and Arturo. DCFS also reported that Patricia and Arturo wanted to live with Jose, and that they did not like Hector because he hit them and engaged in domestic violence with appellant.

The children first came to DCFS's attention due to allegations of domestic violence between appellant and Hector. On April 21, 2000, appellant and Hector were in a heated argument, and appellant slashed the tires of Hector's car. In response, Hector reported her to the police, and appellant was taken into police custody due to an outstanding traffic warrant.

---

[1]Because Patricia O. and her daughter Patricia T. share their first name, we will hereinafter refer to Patricia O. as appellant and to Patricia T. as Patricia.

[2]DCFS is not a party to this appeal.

[3]All further statutory citations are to the Welfare and Institutions Code, unless otherwise indicated.

Upon appellant's release from jail six days later, she was contacted by DCFS. Appellant told the DCFS social worker that she had used drugs prior to being arrested. She had subsequently enrolled in a drug treatment program. Nonetheless, appellant had a positive screen for cocaine on May 17, 2000. Hector admitted to having used marijuana, and he stated that he had also enrolled in a drug treatment program.

Regarding Jose, DCFS indicated that Patricia and Arturo had been in his custody for approximately a year in 1997, and that he often saw them on weekends.

At the detention hearing on May 26, DCFS opposed placement of Patricia and Arturo with Jose, arguing that although Jose was nonoffending and gainfully employed, he had not tried to protect Patricia and Arturo from appellant's drug abuse, of which he was aware. The juvenile court found a prima facie case for detaining the children, and it released Damian to his paternal grandmother, and Patricia and Arturo to Jose. Concerning Jose, the juvenile court stated: "I do not have any evidence that he poses any risk to his children. His children have spent substantial amounts of time with him and in his household."

DCFS submitted a social study report on June 16, 2000. The report recommended that the children should remain as placed until appellant and Hector could "firmly establish a drug free life, and resolve the on-going domestic violence in their relationship." The report also recommended that reunification services should be provided to appellant, and family maintenance services should be provided to Hector.

The combined adjudication and dispositional hearing took place on June 16, 2000. At the hearing, appellant and Hector submitted no-contest pleas by signing waiver forms, and acknowledging these pleas in open court. The juvenile court then declared the children to be dependents of the court. Regarding Patricia and Arturo, it denied appellant reunification services, awarded legal and physical custody of these children to Jose, and terminated its jurisdiction, subject to further proceedings concerning financial responsibility under section 903. Regarding Damian, the juvenile court directed DCFS to provide appellant and Hector with reunification services.

## DISCUSSION

■ Appellant contends that the juvenile court committed reversible error in taking her waiver of rights at the dispositional hearing. We disagree.

California Rules of Courts, rule 1449(e)[4] permits a parent to admit the allegations in the petition, plead no contest, or submit to the jurisdictional determinations. Upon a plea of no contest, admission, or submission, the juvenile court must advise the parent of the following rights: (1) the right to a hearing by the court on the issues raised by the petition; (2) the right to assert the privilege against self-incrimination; (3) the right to confront and to cross-examine all opposing witnesses; and (4) the right to compel attendance of witnesses. (Rule 1449(b).) In addition, rule 1449(c) requires the juvenile court to find and state on the record that it is satisfied that the parent understands the nature of the conduct alleged in the petition and possible consequences of a no contest plea.

■ "A dependency proceeding is civil in nature and is designed not to prosecute the parent, but to protect the child. (*In re Malinda S.* (1990) 51 Cal.3d 368, 384 [272 Cal.Rptr. 787, 795 P.2d 1244].) Nevertheless, a parent's fundamental right to care for and have custody of her child is implicated and may not be interfered with without due process of law. (*Id.* at p. 383, fn. 17; *Lois R. v. Superior Court* (1971) 19 Cal.App.3d 895, 901-902 [97 Cal.Rptr. 158].) Among the essential ingredients of due process are the right to a trial on the issues raised by the petition, the right to confront and cross-examine witnesses, and to compel the attendance of witnesses. (*In re Malinda S., supra,* at pp. 383-384.) By adopting rule 1449, the Judicial Council recognized these rights are essential to a fair jurisdictional proceeding. Rule 1449 also states the juvenile court 'shall' advise the parent of these rights and make a finding that she knowingly and intelligently waived them. (Rule 1449(b) & (f).)" (*In re Monique T.* (1992) 2 Cal.App.4th 1372, 1376-1377 [4 Cal.Rptr.2d 198].)

■ Here, appellant's contentions concern the adequacy of the advisements that she received under rule 1449. No case authority that we have located squarely addresses the standard of review appropriate here. However, because rule 1449 requires warnings analogous to those required under *Boykin v. Alabama* (1969) 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], when a defendant enters a guilty plea in criminal proceedings, we seek guidance from the standard of review applicable to *Boykin/Tahl* admonitions. (See *In re Monique T., supra,* 2 Cal.App.4th at pp. 1377-1378.) Under the test governing these admonitions, "a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the

---

[4]All further citations to rules are to the California Rules of Court, unless otherwise indicated.

circumstances. [Citations.]" (*People v. Howard* (1992) 1 Cal.4th 1132, 1175 [5 Cal.Rptr.2d 268, 824 P.2d 1315].)

At the dispositional hearing, appellant submitted a form waiving the rights enumerated in rule 1449(e). Pertinent here are the following provisions of the form: "a. I understand that if I plead no contest or submit the matter on the report, the court will probably find that the petition is true. [¶] b. I understand that if the petition is found to be true and the child is declared a dependent of the court, the *court may assume custody of the child,* and under certain circumstances, *it is possible that no reunification services will be offered or provided.* [¶] . . . [¶] d. For a child three or older at the time of initial removal, I understand that if the court assumes custody of the child, and the child cannot be returned within one year, or at the most 18 months from the time the child was taken into physical custody, the court will make a permanent plan for the child, which could result in termination of parental rights and placement of the child for adoption." (Italics added.) Appellant initialed the boxes next to these provisions and signed the bottom of the form, indicating that she had read and understood these provisions of the waiver.

The waiver form also contains a declaration asking the party's attorney to indicate that the attorney had "explained and discussed with [his or her] client the rights and consequences . . . pleading no contest." Linda Peck, appellant's counsel, initialed the pertinent boxes in this declaration and signed it.

During the hearing, the following dialogue occurred:

"THE COURT: . . . I have been presented with proposed amended language and signed waivers. [¶] . . . [¶] . . . [D]id you understand what was read and reviewed?

"THE MOTHER: Yes.

"THE COURT: Do you join in your client's plea, Mrs. Peck, and stipulate to a factual basis?

"MS. PECK: Yes. [¶] . . . [¶]

"THE COURT: I find that both parents have knowingly and intelligently waived their rights and seem to understand the consequences of doing so. I find that pleas of no contest and submission respectively are freely entered."

At no point in the hearing did appellant or her attorney raise any objections or questions about the no contest plea.

Following appellant's no contest plea, the juvenile court found under section 361[5] that the children faced a substantial danger in appellant's custody, and that there was no reasonable alternative to removing them from her custody. It then denied her reunification services, gave Jose legal and physical custody of Patricia and Arturo, and terminated its jurisdiction regarding these children, thereby consigning further custody proceedings to family court.

In so ruling, the juvenile court acted in accordance with section 361.2, subdivision (b)(1), which provides that when a child is removed from the custody of a parent pursuant to section 361, it may "[o]rder that the [nonoffending] parent become the legal and physical custodian of the child[] . . . [, and] terminate its jurisdiction . . . ." Under subdivision (b) of section 361.2, the juvenile court may properly deny reunification services to the parent from whom custody of the children is removed. (See *In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1501-1502 [285 Cal.Rptr. 374], disapproved on another ground in *In re Chantal S.* (1996) 13 Cal.4th 196, 204 [51 Cal.Rptr.2d 866, 913 P.2d 1075]; *In re Erika W.* (1994) 28 Cal.App.4th 470, 474-476 [33 Cal.Rptr.2d 548].)

In our view, the record, taken as a totality, shows that appellant knowingly and voluntarily waived her rights, and that she fully understood that in waiving these rights it was possible that she would be denied reunification services and could lose custody of her children. There was no error under the *Boykin/Tahl* test.

Appellant disagrees, contending that (1) because the DCFS recommended that she receive reunification services, she did not understand that a possible consequence of her plea would be the denial of reunification services; (2) the juvenile court did not explicitly advise her that it was contemplating termination of jurisdiction over her children; and (3) the written waiver did not specify that a consequence of the no-contest plea might be an order under section 361.2, subdivision (b). We are not persuaded.

---

[5]The pertinent minute order recites that this finding was made under section 361, subdivision (b). Because this subdivision of section 361 has nothing to do with such findings, we infer that the finding was made under subdivision (c) of section 361, which addresses findings of this kind. Subdivision (c)(1) of section 361 allows removal of physical custody of a child when "[t]here is a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor . . . and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parents' or guardians' physical custody."

The gist of appellant's contention is that she was not advised by the juvenile court or by the written waiver that she should attend to a *specific* possible consequence of her plea, namely, that she might be denied reunification services and lose physical and legal custody of the children under section 361.2, subdivision (b). However, under rule 1449, the sole requirement concerning advisements of the consequences of a waiver is found in subdivision (f)(4), which requires the juvenile court to determine that the parent understand "the *possible* consequences of an admission, plea of no contest, or submission." (Italics added.) Here, the waiver form expressly informed appellant that "the court may assume custody of the child, and under certain circumstances, it is *possible* that *no reunification services will be offered or provided*." (Italics added.) Moreover, it described at least one possible situation in which she might lose custody of her children. In our view, these advisements satisfied the requirements of rule 1449(f)(4).

We recognize that under the authority regarding *Boykin/Tahl* admonitions, a court is required to advise criminal defendants of their constitutional rights *and* the possible consequences of their waiver of these rights. However, as our Supreme Court explained in *People v. Walker* (1991) 54 Cal.3d 1013, 1020-1023 [1 Cal.Rptr.2d 902, 819 P.2d 861], advisements about the consequences of a plea in criminal proceedings are not constitutionally mandated, unlike advisements regarding constitutional rights. Rather, the rule compelling advisements about the consequences of a plea is a judicially declared rule of criminal procedure. (*Id.* at p. 1022.) By analogy with the *Boykin/Tahl* rules, we conclude that although admonitions concerning the waiver of rights in dependency proceedings are rooted in constitutional considerations, the specific nature of any advisements about the consequences of such waivers are set solely by rule 1449. As we have explained, the requirements of rule 1449 were met here.

Appellant also suggests that the juvenile court improperly determined that she should be denied reunification services under section 361.5, subdivision (b), which specifies some circumstances under which parents may be denied reunification services. However, as we have explained, the juvenile court apparently acted under section 361.2, subdivision (b). This provision establishes a basis for terminating reunification services distinct from those found in section 361.5. (*In re Erika W., supra,* 28 Cal.App.4th at pp. 475-476.) Because appellant does not contend that the juvenile court erred under section 361.2, she has waived any such contention.

In sum, we discern no error in the taking of appellant's no-contest plea.

## DISPOSITION

The orders are affirmed.

Vogel (C. S.), P. J., and Hastings, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 14, 2001.