Filed 1/9/14  In re I.F. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re I.F. et al., Persons Coming Under the Juvenile Court Law. | B247159 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK96239) |
| Plaintiff and Respondent, | |
| v. | |
| Y.N., | |
| Defendant and Appellant. | |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County, Phillip L. Soto, Judge.  Affirmed.

David A. Hamilton, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

————————————

Y.N. (mother) appeals from the dependency court's judgment of November 26, 2012, declaring I.F. (son) and I.N. (daughter) dependents of the court under Welfare and Institutions Code section 360.[1]  She contends:  (1) substantial evidence does not support the sustained allegation that her drug use created a risk of harm to the children; and (2) the court's failure to obtain her waiver of her trial rights was prejudicial error.  We affirm.

## STATEMENT OF FACTS AND PROCEDURE

Son was born in 2008 and daughter was born in 2011 to mother.  I.A.N. is the presumed father of both children.  The parents lived together with the children.  Father worked full-time.  Mother had a history of using drugs, including methamphetamine.

Mother ingested methamphetamine on October 27, 2012 when she was out with friends.  She returned home late that night very intoxicated, irrational, and agitated.  She argued with and screamed at father.  She ran outside, took her top off, and screamed that father was raping son.  She was incoherent.  The police were called, and she was taken to the hospital, where methamphetamine was found in her system.  The children were detained from mother's custody early the next morning, and a section 300 petition was filed by the Department of Children and Family Services  ("Department").  The children were released to father.

On November 26, 2012, the children were declared dependents of the court based on sustained allegations under section 300, subdivision (b) that the children suffered, or were at substantial risk of suffering, serious physical harm or illness as a result of mother's failure or inability to supervise and mother's inability to provide regular care due to substance abuse, in that mother had a history of drug abuse and was a current abuser of methamphetamine which rendered her incapable of providing regular care, and, on October 28, 2012, mother was under the influence of methamphetamine in the

---

[1]     All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

2

children's presence and on prior occasions was under the influence of methamphetamine while the children were in her care. The children were removed from mother's custody and placed in home-of-parent father under Department supervision with the Department to provide family maintenance services. Mother was ordered to participate in weekly, random drug testing, a drug program, and parenting, and she was granted monitored visits.

## DISCUSSION

1. *Substantial evidence supports the jurisdictional findings.*

Mother contends substantial evidence does not support the finding her drug use placed the children at risk of harm, under section 300, subdivision (b). We disagree with the contention.

In determining whether an order is supported by substantial evidence, "we look to see if substantial evidence, contradicted or uncontradicted, supports [it]. [Citation.] In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court. [Citation.]" (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.) "We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court." (*In re Matthew S.* (1988) 201 Cal.App.3d 315, 321.) Thus, the pertinent inquiry is whether substantial evidence supports the finding, not whether a contrary finding might have been made. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)

Section 300, subdivision (b), in pertinent part, describes a child who "has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, or . . . by the inability of the parent . . . to provide regular care for the child due to the parent's . . . substance abuse." "While evidence of past conduct may be probative of current conditions, the question under section 300 is whether circumstances *at the time of the hearing* subject the minor to the defined risk of

3

harm." (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 824.) The purpose of the juvenile court law is to provide "maximum safety and protection for children" being harmed or who are at risk of harm. (§ 300.2.) "The provision of a home environment free from the negative effects of substance abuse is a necessary condition for the safety, protection and physical and emotional well-being of the child. Successful participation in a treatment program for substance abuse may be considered in evaluating the home environment." (*Ibid*.)

The record contains evidence mother previously abused methamphetamine, currently was addicted to it, and, when under the influence, was incapable of providing care for the children. Father and a police officer observed she was very intoxicated, irrational, aggressive, and incoherent the night the children were detained. Father was certain mother was currently addicted to methamphetamine. He stated she used methamphetamine when she was younger and he believed she was abusing it again, because she would leave the apartment for long periods of time and display irrational, aggressive behavior when she returned. Mother admitted to having abused methamphetamine during an earlier period and to have resumed using it again four months ago.[2]

Moreover, it is reasonable to conclude from the fact father had a full-time job and mother had resumed using methamphetamine four months previously that mother was the children's caretaker much of the time and, on prior occasions, she was under the influence of methamphetamine while the children were in her care. Further, there is evidence from which it could reasonably be inferred she was not rehabilitated. She denied she abused methamphetamine. She denied responsibility for her behavior on October 27, asserting her ingestion of methamphetamine was unwitting and blaming father for the incident. There is no evidence she completed a drug rehabilitation program. She was not willing to participate in such a program.

---

[2]     In another statement, mother denied she was using methamphetamine but admitted she regularly smoked marijuana prior to the detention.

The foregoing is ample substantial evidence supporting the court's findings mother abused drugs and her drug use placed the children at substantial risk of harm.

2. *Mother's trial rights were not violated.*

Mother contends the court committed prejudicial error in adjudicating the petition and making dispositional orders without first obtaining a waiver of her trial rights after she submitted on the social worker's reports.

"[S]ocial studies are both admissible and competent evidence on which to base a finding of jurisdiction pursuant to section 300." (*In re Malinda S.* (1990) 52 Cal.App.4th 368, 385.)

California Rules of Court, rules 5.534(k) and 5.682(b)[3] provide the court must advise the parent of the rights to assert the privilege against self-incrimination, confront and cross-examine the preparers of the reports and witnesses called to testify, subpoena witnesses, present evidence, and have a hearing on the petition.

Rule 5.682(e) provides, "The parent . . . may elect to admit the allegations of the petition, plead no contest, or submit the jurisdictional determination to the court based on the information provided to the court and waive further jurisdictional hearing. *Waiver of Rights--Juvenile Dependency* (form JV-190) may be completed by the parent or guardian and counsel and submitted to the court." After the parent makes an admission, no contest plea, or submission, the court must make findings that the parent "knowingly and intelligently waived the right to a trial on the issues by the court, the right to assert the privilege against self-incrimination, and the right to confront and to cross-examine adverse witnesses and to use the process of the court to compel the attendance of witnesses on the parent or guardian's behalf . . . ." (Rule 5.682(f).)

---

[3] Hereinafter, all references to rules will refer to the California Rules of Court.

A dependency court's error in failing to comply with rules 5.534 and 5.682 is reviewed for harmless error. (See *In re Monique T.* (1992) 2 Cal.App.4th 1372, 1374.)

At the pre-trial resolution conference, the parties failed to reach an agreement resolving the case. The court stated, "We don't have a resolution, so we'll go by way of Malinda S." The court did not advise mother of her trial rights or obtain her waiver of trial rights. Mother did not ask to set the matter for a contested hearing on the petition. The Department's reports were admitted into evidence without objection, mother declined the court's invitation to present evidence, and the court invited all counsel to argue about the evidence. Mother stated, without argument or citation to the evidence, that the evidence was insufficient to establish the allegations.

The court's failure in this case to comply with rules 5.534 and 5.682 is error. Without deciding whether the harmless beyond a reasonable doubt standard of *Chapman v. California* (1967) 386 U.S. 18, 24 or the reasonable probability of a more favorable result standard of *People v. Watson* (1956) 46 Cal.2d 818, 836-837 is the correct test of prejudice for this error, we conclude the error was harmless under any standard of prejudice. Mother was served notice of the right to be present at the hearing, present evidence, and be represented by an attorney. She was represented by an attorney. After the social workers' reports were admitted in evidence without objection and the Department rested, mother stated she had no evidence to present. Her argument on the evidence in the reports consisted solely of the statement that the evidence was insufficient to establish the allegations against her. The evidence of mother's inability to provide care for the children as a result of her drug use is overwhelming. She argues the evidence was insufficient in that the court should have given more weight to her denials and to the lack of drug tests and certain reports. However, all this information was presented to the court in the social workers' reports that were in evidence, and the court found the allegations of the petition were true. Accordingly, the error in failing to advise mother of her rights and obtaining her waiver is harmless beyond a reasonable doubt.

**DISPOSITION**

The judgment and orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.


We concur:


KITCHING, J.


ALDRICH, J.