Filed 2/14/14  In re K.C. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.C. et al., Persons Coming Under the Juvenile Court Law. | H039225<br>(Santa Cruz County<br>Super. Ct. No. DP002363 &<br>DP002364) |
| SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>J.P.,<br><br>    Defendant and Appellant. | |

In this juvenile dependency matter, father, J.P. appeals an order of the juvenile court sustaining a subsequent petition under Welfare and Institutions Code, section 342,[1] and ordering guardianship of his children as the permanent plan, with the paternal grandmother appointed as guardian.

---

[1] All further statutory references are to the Welfare and Institutions Code.

## STATEMENT OF THE FACTS AND CASE[2]

This is the fourth of father's appeals. The origins of this matter are described in detail in our previous decision, *In re K.C. et al.*(Jun. 5, 2012, H036896) [nonpub. opn.] (*K.C. I*). To summarize, Father had two children, K.C. and her brother Z.J., as to whom he informally shared custody with their mother, T.C. (Mother). The Santa Cruz County Human Services Department (Department) initiated dependency proceedings after Z.J. suffered severe brain injuries that doctors considered non-accidental. The Department eventually concluded that the injuries had been sustained while Z.J. was in the home of Mother, but were likely caused by a third party and not either of the parents.

On April 7, 2011, the juvenile court sustained original petitions as to both children under Welfare and Institutions Code section 300. It placed Z.J. with the children's paternal grandmother, J.W. (Grandmother), while placing K.C. with Father under the supervision of the Department. We ultimately affirmed these orders, with modifications, in *K.C. I, supra*, H036896.

The second appeal addressed the court's finding that its previous disposition placing K.C. with Father was not effective in protecting her. We affirmed the court's order with modifications. (*In re K.C.* (Dec. 12, 2012, H037296) [nonpub. opn.] (*K.C. II*).)

The third appeal challenged orders from the six and 12-month review hearings that terminated services for Father and reduced his visitation. We reversed the order terminating services and directed the Department to afford Father additional services unless new circumstances prevailing upon remand supported a finding that services were unwarranted. (*In re K.C.* (2012) 212 Cal.App.4th 323, 334 (*K.C.*).)

---

[2] The underlying facts of this case are contained in the opinions issued in prior appeals.

This court issued its opinion in *K.C. I* on June 5, 2012. On June 14, 2012, the Department filed a petition under section 342 to allege new facts or circumstances about a current dependent child.

On December 12, 2012, the juvenile court found clear and convincing evidence to sustain the section 342 petition. The court found father continued to have undertreated mental health issues that put the children at a substantial risk of harm. The court also found that father had not progressed with treatment, and there were impulse control and anger management issues that presented a substantial risk of harm to the children's well-being. The court concluded that it would be detrimental to terminate the parent child relationship, and ordered legal guardianship as the permanent plan, appointing the paternal grandmother as guardian.

Father filed a timely notice of appeal.

### DISCUSSION

On appeal, father asserts the evidence supporting the section 342 petition was insufficient to sustain the petition, the court erred by failing to order reunification services for father, and the court's order following the remand from this court in case number H036896 should be reversed.[3]

#### *Section 342 Petition*

Father asserts on appeal that the incidents alleged in the section 342 petition were not new facts or circumstances; rather, they occurred in 2011, and 2012. Therefore, these facts cannot be used to sustain a section 342 petition.

Section 342 provides, "In any case in which a minor has been found to be a person described by Section 300 and the petitioner alleges new facts or circumstances, other than those under which the original petition was sustained, sufficient to state that the minor is

---

[3] In the opening brief, father also argued the Department failed to comply with Indian Child Welfare Act. Father subsequently withdrew this argument.

a person described in Section 300, the petitioner shall file a subsequent petition. This section does not apply if the jurisdiction of the juvenile court has been terminated prior to the new allegations. . . ."

Here, the court took jurisdiction of K.C. in April 2011 under section 300, subdivision (b), which provides in pertinent part: "The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child . . . , or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's . . . substance abuse. . . . The child shall continue to be a dependent child pursuant to this subdivision only so long as is necessary to protect the child from risk of suffering serious physical harm or illness."

"The basic question under section 300 is whether circumstances at the time of the hearing subject the minor to the defined risk of harm." (*In re Nicholas B.* (2001) 88 Cal.App.4th 1126, 1134.) "Proof by a preponderance of evidence must be adduced to support a finding that the minor is a person described by Section 300" at the jurisdiction hearing. (§ 355, subd. (a).) "On appeal, the 'substantial evidence' test is the appropriate standard of review for both the jurisdictional and dispositional findings. [Citations.]" (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1433.)

Thus, "we must uphold the court's findings unless, after reviewing the entire record and resolving all conflicts in favor of the respondent and drawing all reasonable inferences in support of the judgment, we determine there is no substantial evidence to support the findings. (*In re Monique T.* (1992) 2 Cal.App.4th 1372, 1378, . . .) Substantial evidence is evidence that is reasonable, credible, and of solid value. (*In re Angelia P.* (1981) 28 Cal.3d 908, 924, . . .)" (*In re Veronica G.* (2007) 157 Cal.App.4th 179, 185.)

4

Here, the court relied on reports provided by the Department and other evidence in sustaining the section 342 petition. Specifically, the petition alleged that father had an undertreated mental health condition that created a substantial risk of abuse and neglect as well as physical and emotional harm to the children. These allegations were supported by Dr. Mark Burdick's psychological evaluation dated November 11, 2011, and statements from the supervising social worker, Trevor Davis. Dr. Burdick diagnosed father with "Mood Disorder with obsessive/compulsive features, Cannabis Abuse, Identity Problem, and Paranoid Personality Disorder." In addition, according to Mr. Davis, father refused to acknowledge that he suffered from any mental health condition, and father believed Dr. Burdick's evaluation that concluded he had a clinical diagnosis was wrong. The court also considered an incident with law enforcement in April 2012 during which father threatened the children's grandmother in front of the children, and punched a witness in the face when the witness tried to intervene. Witnessing this incident caused his son to act aggressively in school, and his daughter to be afraid of her father.

In addition to allegations that father had undertreated mental health and anger management issues, the petition also alleged father and mother failed to fully participate in family reunification services provided to them, and mother was continuing her relationship with the likely abuser of her son. The court relied on statements of father's therapist, Andy Castro, who stated that father had a history of raising his voice when challenged, and that although he was engaging in services, he was not making behavioral changes. The court also relied on Mr. Davis's account that father continued to believe that people involved in the dependency case were "liars," and were plotting against him. These people included father's mother, and the two social workers involved in his case, Janet Moncrief, and Mr. Davis.

5

The evidence presented at trial was sufficient to support the court's finding sustaining the petition. Moreover, there was sufficient evidence for the court to conclude that the children were at substantial risk of serious physical and emotional harm if returned to the care of either of the parents. Father's significant problem with anger management, as evidenced by the violent April 2012 incident, and his continuing denial that he suffered from any mental disorder despite information from professionals to the contrary support the court's order sustaining the petition.

Father asserts the incidents alleged in the petition were not "new," and therefore, could not provide the basis for a section 342 petition. Section 342 requires "petitioner allege[] new facts or circumstances, *other than those under which the original petition was sustained*." (Emphasis added.) Here, the facts that were alleged as a basis for the petition, including father's undertreated mental health and anger management issues occurred after original petition for jurisdiction under section 300, subdivision (b) was filed. This satisfies the requirements under section 342.

Father notes that the violent April 2012 incident occurred eight months prior to the hearing on the section 342 petition, and could not provide a basis for a finding that the children were presently at risk for emotional and physical harm. However, given the severity of the facts of that incident, coupled with the real psychological and behavioral impact it had on the children, the passage of eight months did not diminish its seriousness or basis for the court's finding of present risk to the children.

### *Remand From This Court in Case Number H036896 (K.C. I)*

Father asserts that on remand, the juvenile court failed to follow the directions of this court in its disposition in *K.C. I*. In particular, father complains the court did not consider ordering reunification services for father.

In the disposition of *K.C. I*, we revered the original court orders in part, and directed the juvenile court to modify the disposition as to Z.J. "in accordance with this

6

opinion and to reflect circumstances as they appear at the time of hearing on remand."
As to K.C., we ordered the juvenile court to modify the disposition "if and as necessary"
to reflect circumstances at that time. (*K.C. I, supra,* H036896 [p. 50].)

At the hearing of the section 342 order, the juvenile court stated "the Court of
Appeals . . . asked the Court to . . . make findings about Father's situation . . . now that
we are at disposition." In ruling on the petition, the court considered father's present
circumstances, including his violence and impulse control problems and his mental health
issues in determining that he was not able to safely care for his children. The juvenile
court followed our directions on remand, and clearly considered the circumstances at the
time in ordering the disposition of the children.

### *Failure to Provide Reunification Services*

Father argues the juvenile court erred in failing to order reunification services for
him. In particular, father notes that in his third appeal, *K.C., supra,* 212 Cal.App.4th 323,
this court held that the Department failed to provide reasonable services for father
because it did "little to secure a psychotropic medication evaluation recommend for
Father in s psychological evaluation . . . ." (*Id*. at p. 325.) In the disposition of *In re
K.C.*, this court directed the juvenile court "to afford Father additional services *unless
new circumstances prevailing upon remand support a finding that services are
unwarranted.*" (*Id*. at p. 334, italics added.)

However, at the time of the hearing on this section 342 petition at issue on
December 12, 2012, this court had not yet issued its opinion in *In re K.C.* Therefore, with
the information presently before the court on the petition, the court acted within its
discretion in not offering father reunification services. (See, e.g., *In re Barbara P*. (1994)
30 Cal.App.4th 926, 934 ["Failure to order additional reunification services after finding
jurisdiction on a subsequent petition constitutes reversible error only if particular facts of
the case demonstrate an abuse of discretion in failing to order additional services."].) The

7

evidence in support of the petition demonstrated that father had participated in services that were previously provided to him, but that he failed to change his behavior. Despite having attended therapy, father still strongly believed he did not suffer from any mental disorder. With regard to the section 342 petition, the court did not abuse its discretion in refusing to order reunification services for father.

### *The Guardianship Appointment*

Father asserts the guardianship appointment should be reversed because the court failed to provide him reunification services. Father points to this court's opinion in *In re K.C., supra,* 212 Cal.App.4th 323 as the primary basis for the reversal. However, as discussed above, this court's opinion in *K.C.* was issued on December 20, 2012, eight days after the court's decision to appoint the paternal grandfather as guardian. It was not possible for the juvenile court to consider this court's opinion in *K.C.* at the time the guardianship appointment was made. Therefore, the opinion cannot form a basis for a reversal of the order.

Moreover, for the issues stated above, we do not find the court abused its discretion in refusing to order additional services based upon the facts and allegations before it at the time of the section 342 hearing.

8

**DISPOSITION**

The order is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.