Filed 5/5/14  In re M.R. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re M.R., et al., Persons Coming Under the Juvenile Court Law. | B250862 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MARLON R., et al., <br><br> Defendants and Appellants. | (Los Angeles County Super. Ct. No. CK81333) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Marguerite Downing, Judge.  Affirmed.

David A. Hamilton, under appointment by the Court of Appeal, for Defendant and Appellant Marlon R.

Judy Weissberg-Ortiz, under appointment by the Court of Appeal, for Defendant and Appellant D.T.

John Krattli, County Counsel, James M. Owens, Assistant County Counsel, Judith A. Luby, Principal Deputy County Counsel, and Navid Nakhjavani, Deputy County Counsel for Plaintiff and Respondent.

_____

Marlon R. and D.T., the father and mother of M.R., appeal the juvenile court's jurisdictional findings and dispositional orders on the ground that Marlon R. was not adequately advised of his constitutional trial rights. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Infant M.R. came to the attention of the Department of Children and Family Services (DCFS) in March 2013 because of reports that there had been domestic violence between his parents and that his mother, who required medication for mental illness, was not medication-compliant. DCFS filed a petition alleging that M.R. was a dependent child of the court under Welfare and Institutions Code section 300, subdivisions (a) and (b).

The adjudication hearing took place in June 2013. Both parents were present and represented by counsel. The hearing began with the court asking if there were objections to the documents presented by counsel for DCFS. Marlon R.'s counsel objected to one of those documents, and the objection was sustained. DCFS presented no further evidence. Counsel for M.R. and his siblings elected not to present evidence. D.T.'s counsel submitted three documents to the court as an exhibit without objection. Finally, the court turned to Marlon R., whose attorney said that she would not be presenting witnesses or evidence, just argument. Counsel for DCFS submitted on the documents she had presented, subject to rebuttal, and the court proceeded to hear argument from all counsel.

Marlon R.'s counsel asked the court to dismiss the section 300, subdivision (a) allegation and to amend one of the two section 300, subdivision (b) allegations in several respects. She challenged the veracity of the evidence in support of the domestic violence allegation and argued that there was no evidence to support allegations of prior domestic violence taking place before the events that prompted the present petition. Counsel argued to the court that Marlon R. denied the specific acts of violence alleged against him, and argued that the evidence showed that he physically restrained D.T. during a tantrum rather than assaulting her.

2

The court struck one allegation of the petition and sustained the other two as amended, and found that M.R. was described by section 300, subdivisions (a) and (b). The court ordered reunification services and monitored visitation. The parents appeal.

## DISCUSSION

### I.       Parents' Trial Rights

A parent who denies the allegations of a juvenile dependency petition has a right to a contested hearing on the question of whether the child comes within the jurisdiction of the juvenile court. (Cal. Rules of Court, rule 5.684(a).) At the contested hearing, the parent has a right against self-incrimination, the right to confront and cross-examine witnesses, and the right to use the process of the court to compel attendance of witnesses. (Cal. Rules of Court, rule 5.682(b).) As an alternative to a contested hearing, a parent may admit the allegations of the petition, plead no contest to them, or submit the jurisdictional determination to the juvenile court based on the information provided in the social worker's report and waive further hearing. (Cal. Rules of Court, rule 5.682(e).) If a parent chooses to submit on the report, the juvenile court must advise the parent of his or her constitutional rights and obtain a personal waiver of those rights before making jurisdictional determinations. (Cal. Rules of Court, rule 5.682(f).)

Marlon R., joined by D.T., contends that "nothing in the transcript" of the jurisdictional hearing in this case indicates whether the hearing was a submission on the report or a contested hearing. Despite that admission, they argue that the advisements and waivers required in the case of a submission were required here, and that both the jurisdictional hearing and the later-held dispositional hearing were conducted in violation of his constitutional rights because those advisements and waivers did not occur.

The record reflects, however, that this was a contested hearing, not a submission on the report. The matter was set for a contested hearing and the matter was indeed contested. Marlon R.'s counsel objected to some of the documentary evidence put forth by counsel for DCFS, and D.T.'s counsel presented documentary evidence of her own. No counsel chose to call witnesses, and Marlon R. did not choose to present any

evidence, but neither Marlon R.'s counsel nor D.T.'s counsel submitted the matter on the reports. They both argued for amendments to the petition and for dismissal of some of the allegations on the ground that the evidence did not support them. While the contested hearing was certainly brief, and counsel for the parents did not avail themselves of all the rights inherent in a contested hearing, that does not convert the hearing into a submission on the petition. Therefore, the parents here are unlike the mother in *In re Monique T.* (1992) 2 Cal.App.4th 1372, 1375, who expressly submitted the matter for a jurisdictional determination based only on the petition and detention memorandum. Because the parents did not submit on the report, admit the allegations of the petition, or plead no contest, the court was not required to advise them of their constitutional rights and to obtain knowing and intelligent waivers of those rights, and it did not err when it failed to do so.

## II.     Mother's Challenge to the Dispositional Order

D.T. had requested at disposition that M.R. be placed with her, and appealed the order for suitable placement. D.T. has advised this court that the juvenile court subsequently terminated the suitable placement order and that M.R. is now placed with her in the home of the paternal grandparents. We agree with D.T. that her challenge to the dispositional order has been mooted by the juvenile court's subsequent orders.

## DISPOSITION

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.                           WOODS, J.

4