83 Cal.Rptr.2d 51 (1999)
70 Cal.App.4th 957
In re SERGIO C, a Person Coming Under the Juvenile Court Law.
Los Angeles County Department of Children and Family Services, Plaintiff and Respondent,
v.
Adelaido C, Defendant and Appellant.
No. B122743.
Court of Appeal, Second District, Division One.
February 24, 1999.
As Modified March 17, 1999.
Harry Zimmerman, under appointment by the Court of Appeal, for Defendant and Appellant.
Lloyd W. Pellman, County Counsel, Gary P. Gross, Deputy County Counsel; Auxiliary Legal Services, Inc., and Jill Regal for Plaintiff and Respondent.
MIRIAM A. VOGEL, J.
A mother abandoned her two children, ages one and three. The father of the three-year-old (who is not the father of the other child) was later found, and the three-year-old was placed with his father. Without any factual basis, a petition was sustained as to the father, and DCFS concedes that this order must therefore be reversed. We also reverse an order that requires the father to submit for random drug tests, not because *52 the court was without jurisdiction to make that order but because, once again, there is no factual basis for the order.

FACTS
In May 1997, three-year-old Sergio C. and his one-year-old half brother were taken from the custody of their mother, Guadalupe C. A petition was filed alleging they were at risk because Guadalupe had subjected the younger child to severe physical abuse. (Welf. & Inst.Code, § 300.)[1] The petition alleged that the whereabouts of Sergio's father (Adelaido C.) was unknown. Shortly thereafter, the boys were released to their mother, who then disappeared with both children. In their absence, the petition was sustained, and the children were declared dependents of the court. In November, DCFS reported that Guadalupe and the children had been located in San Bernardino.
In April 1998, DCFS learned that Guadalupe was using drugs and that she had left the children with a cousin without providing for their care. The cousin located Adelaido and he came to pick up Sergio.[2] Adelaido called the police to report Guadalupe's abandonment of the children and contacted DCFS to explain that he wanted to care for Sergio. When she was found, Guadalupe told DCFS that Adelaido had a history of arrests, that he had been in jail as the result of a domestic violence incident, and that he had used and sold drugs. When interviewed, Adelaido admitted that he had been arrested (it is uncontroverted that they were all misdemeanor offenses and that the most recent arrest was more than two years before these proceedings) but denied that he ever used or sold drugs. Insofar as we can tell from the record, the arrests were for being in the wrong places with the wrong people, and there were no convictions. Although Sergio remained with Adelaido, DCFS filed a supplemental petition and further hearings were held. As ordered, Adelaido enrolled in domestic violence counseling and complied with all orders made by the dependency court.[3] Meanwhile, Guadalupe pled no contest to the allegations that concerned her.
In May, over Adelaido's objection, the dependency court sustained the petition as to him, finding that he "ha[d] a history of having conviction[s] of theft of personal property, trespassing with injury to property, false identification to peace officers, and driving reckless. Such conduct by Adelaido ... endangers ... Sergio's physical and emotional... health and safety and places ... Sergio at risk of serious physical and emotional harm." Adelaido was ordered to submit to random drug testing, to attend parenting classes, and to complete the domestic violence counseling program. Adelaido appeals.

DISCUSSION

I.
Adelaido contends, DCFS concedes, and we agree that there is insufficient proof of Adelaido's alleged history of prior convictions to support the order sustaining the petition, and that the petition thus should not have been sustained as to Adelaido. (§ 300, subd. (b); In re Alysha S. (1996) 51 Cal. App.4th 393, 397-398, 58 Cal.Rptr.2d 494; In re Rocco M. (1991) 1 Cal.App.4th 814, 820, 2 Cal.Rptr.2d 429.) Of course, Sergio remains subject to the dependency court's jurisdiction. (In re Alysha S., supra, 51 Cal.App.4th at p. 397, 58 Cal.Rptr.2d 494; In re Troy Z. (1992) 3 Cal.4th 1170, 1181, 13 Cal.Rptr.2d 724, 840 P.2d 266.)

*53 II.
Adelaide contends the evidence is insufficient to justify the drug testing order. We agree.
As DCFS concedes, the only evidence of Adelaido's alleged drug use is Guadalupe's unsworn and unconfirmed allegation, which was flatly denied by Adelaido.[4] While we agree with DCFS that the trial court has broad discretion to make virtually any order deemed necessary for the well-being of the child (§ 361.2, subd. (b)(2)), we do not think that drug testing ought to be imposed based solely on the unsworn and uncorroborated allegation of an admitted drug addict who has abandoned her children. Where, as here, the custodial parent has flatly denied all involvement with drugs and has otherwise cooperated fully with all of the court's orders, there must be some investigation by DCFS to warrant the kind of invasive order that was made here. For this reason, we will reverse the order and remand to the dependency court with directions to order a further investigation before deciding whether, in fact, drug testing is necessary in this case.

DISPOSITION
The orders sustaining the petition vis-à-vis Adelaido C. and the order that Adelaido C. submit for random drug testing are reversed and the cause is remanded to the dependency court with directions to conduct such further investigations and make such further orders as the court deems necessary and appropriate.
ORTEGA, Acting P.J., and MASTERSON, J., concur.
NOTES
[1] All section references are to the Welfare and Institutions Code.
[2] Sergio's half brother, who is not Adelaido's child, is not involved in the present proceedings.
[3] DCFS reported that Sergio was "well cared for and happy at home with [his] father." Adelaido was gainfully employed and involved in a stable relationship with Luz E., with whom he lived. Luz has a son Sergio's age who lives with them and the boys get along well. Luz works at a day care center operated by the Boys and Girls Club in Baldwin Park, and both boys are enrolled there. Sergio participates actively in the day care program and in a community-sponsored soccer program. Adelaido wrote a letter to the dependency court judge expressing his love for his son and his concern for Sergio's well-being. In spite of his mother, it sounds as though Sergio has a chance to lead a normal and happy life with his father.
[4] This is not a case involving a trial court's credibility call. No testimony was taken, and the only thing before the court was Guadalupe's statement to the social worker. We have little confidence in the accuracy of DCFS's reports in this matter. For example, a report dated May 15, 1998, that purports in its title to be about Sergio (and only Sergio) refers, in its text, only to Sergio's half brother.