Filed 12/18/15  In re V. V CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re V.V. et al., Persons Coming Under the Juvenile Court Law. | B262789 (Los Angeles County Super. Ct. No. CK89344) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. FRANCISCO V., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  Reversed.

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

_____

Francisco V. (father) appeals the juvenile court order requiring him to participate in a substance abuse program. We reverse.

Father has three minor children with Christine A. (mother). The Los Angeles Department of Children and Family Services (DCFS) filed a petition on July 29, 2014, alleging under Welfare and Institutions Code[1] section 300, subdivisions (a) and (b) that father and mother engaged in violent altercations in front of the children and, as relevant to this appeal, alleging under section 300, subdivision (b) that father had a history of substance abuse and was a current user of amphetamine and methamphetamine, including while the children were in his care and supervision, thus endangering their physical health and safety. (Mother is not a party to this appeal and we do not discuss the allegations against her, or the allegations regarding her two minor children with another father.) Father denied any current substance abuse and stated he was willing to drug test. Mother also denied current use but stated she had relapsed five months ago when father gave her methamphetamine; a few days earlier she found methamphetamine in father's wallet; and father last used methamphetamine five days earlier. Father denied that he ever used methamphetamine.

The juvenile court detained father's three minor children, gave father monitored visitation, and ordered him to drug test weekly on demand.

The jurisdiction/disposition report stated that mother denied she ever said she had relapsed or that father had given her methamphetamine. Mother added that father did not currently use drugs and had not for the last three years.

Father was not present at the jurisdiction/disposition hearing on September 4, 2014. His counsel submitted a negative drug test, arguing that there was not sufficient evidence that father currently used methamphetamine and father already submitted to random testing for his job as a truck driver. The juvenile court sustained the domestic violence allegation. On the drug allegation, the court stated that there was a history of drug use by mother and father, but appeared to dismiss the allegations: "At this time, I

---

[1] All statutory references are to the Welfare and Institutions Code.

can't say there[] [is] a current risk based on the evidence that's been provided at this moment in time. That doesn't mean to say that it isn't a problem that needs to be addressed, everybody. It needs to be addressed in the disposition orders with regards to a certain number of random tests to make sure that the parents are testing clean. And if it's as they say they are, that they are not using drugs currently, then they should be getting clean tests. But if they don't do clean tests, then they will have to do drug tests and a drug program."[2] The court ordered father to submit to eight random or on demand consecutive drug tests, and "if any test is missed or dirty, then full drug rehab program w/random testing." The court removed the children and placed them with a relative.

In a status review report filed March 5, 2015, DCFS noted the discrepancy in the minute order and treated the drug allegations as stricken. Father had tested on a weekly random basis through February "due to confusion result[ing] from CSW not receiving the updated dispositional court orders in time," and continued to test on a random basis. The social worker did not receive the case plans until February 10, 2015, and so until then was unaware of the requirement that father complete eight random or on-demand consecutive tests, and the further requirement that if any tests were missed or "dirty," father was to complete a full drug rehabilitation program with random testing. Since the hearing on September 4, 2014, father had continued to test and "had overall been partially compliant with the testing order, although he had received all negative testing results on the days he tested, he had missed a tremendous amount of tests due to his work schedule." (Boldface omitted.) Father usually notified the social worker that he would miss a test, mostly due to his work schedule (driving to Northern California on a daily basis), which made it hard for him to arrive at the testing site during business hours. A last minute information stated that on February 24, 2015 the social worker had told father

_____

[2] The minute order, however, does not reflect that the drug allegations were dismissed. We generally presume that conflicts between the reporter's and clerk's transcripts are clerical in nature, and we resolve the conflict in favor of the reporter's transcript unless particular circumstances dictate otherwise. (*In re Merrick V.* (2004) 122 Cal.App.4th 235, 249.)

3

to enroll in a full substance abuse program, as he had missed one test within the first eight tests after the September 4, 2014 hearing. He refused as he did not currently use drugs and had no history of substance abuse.

At the six-month review hearing on March 6, 2015, DCFS stated that father had been present at the jurisdiction/disposition hearing and so had notice of the specifics of the testing requirement. (As we stated above, father was not present at that hearing.) DCFS argued that because father had missed tests he was required to enter into a drug rehabilitation program. The parties stipulated that father was required to drug test for his job as a truck driver. Father's counsel argued that father had yet to test positive, and he missed one test among the eight required when father called the testing center after 8:00 a.m. Father also was required to test for his job and there was no indication he was ever under the influence. The court suggested DCFS could talk to father's employer to see if his on-the-job testing was adequate, but "[e]verybody is going to do the program." As father had missed the first drug test without excuse, "[f]ather has to do the drug program." The court ordered further reunification services and set a 12-month review hearing for September 4, 2015.

Father filed an appeal from the order that he complete a substance abuse program.

After briefing was complete, we granted a DCFS request for judicial notice of a September 4, 2015 minute order in which the juvenile court placed the children in mother's and father's home with DCFS supervision. The order also provided that all prior orders not in conflict remained in effect. In an attached letter, DCFS stated it did not object to our reversing the order requiring father to participate in a drug rehabilitation program.

The return of the children to father's home does not make his appeal moot. DCFS still has jurisdiction of the children and the home is under DCFS supervision. Father appeals the order requiring him to complete a drug rehabilitation program, which remains in place, so placing the children in father's home does not "render[] it impossible for the appellate court to grant the appellant effective relief." (*In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404.) Further, contrary to father's assertion, the court's dismissal of

4

the drug allegations does not in itself invalidate the order.  (*In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006–1008.)

We review the order for an abuse of discretion.  (*In re Christopher H.*, *supra*, 50 Cal.App.4th at p. 1006.)  The only evidence that father used drugs was mother's July 2014 statement to the social worker that father had given her methamphetamine five months earlier, she had recently found methamphetamine in his wallet, and he had last used five days ago.  Father denied any drug use and mother later denied she ever told the social worker that she had relapsed and that father had given her the methamphetamine, and mother stated that father did not use drugs and had not for three years.  We have found the evidence insufficient to support a juvenile court order for random drug testing when "the *only* evidence of [father]'s alleged drug use is [mother]'s unsworn and unconfirmed allegation, which was flatly denied by [father]."  (*In re Sergio C.* (1999) 70 Cal.App.4th 957, 960; see *In re Basilio T.* (1992) 4 Cal.App.4th 155, 173, fn. 9, superseded by statute on another ground as stated in *In re Lucero L.* (2000) 22 Cal.4th 1227, 1239–1242.)  The evidence in this case is equally insubstantial.  In addition to father's steadfast denials, at the six-month review hearing father had not tested positive for drugs for six months; he had missed the first test only due to a late call-in; and he was subject to random testing in his job as a long-distance truck driver.  The only evidence of father's drug use is mother's unsworn and unsubstantiated statement which he flatly denied (and which she later retracted).  Such evidence is insufficient to support an "invasive order" such as random testing (*In re Sergio C.*, at p. 760), and it is even weaker support for an order that father participate in a full drug rehabilitation program, which as the court acknowledged would play havoc with father's work schedule.  "[E]valuating the factual basis for an exercise of discretion is similar to analyzing the sufficiency of the evidence."  (*In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067.)  The order that father complete a drug rehabilitation program was without a reasonable basis and therefore was an abuse of discretion.

## DISPOSITION

The order that father complete a drug rehabilitation program is reversed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.