Filed 5/25/16  In re Patricia R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re PATRICIA R. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D069679 |
| Plaintiff and Respondent, | (Super. Ct. No. SJ13187ABC) |
| v. | |
| PATRICIA O., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Suzanne F. Evans, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainer, Deputy County Counsel, for Plaintiff and Respondent.

Patricia O. appeals the juvenile court's order made at a disposition hearing requiring her to participate in random drug testing as part of her reunification plan, arguing that there was insufficient evidence indicating that substance abuse contributed to creating the dependency. We conclude that the court did not err in ordering this condition and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Patricia is the mother of three children, ages 14, eight and two. Patricia has been in a relationship with Daniel R., Sr., the presumed father of the two younger children, for the past 11 years.

In the fall of 2013, the San Diego County Health and Human Services Agency (the Agency) received a referral alleging that Patricia was using methamphetamine and leaving the children unsupervised at night. During an investigation by the Agency, Patricia failed to submit to two random drug tests. The Agency ultimately deemed the referral inconclusive for general neglect and unfounded for emotional abuse. Approximately eight months later, the Agency received another referral alleging that Patricia and Daniel, Sr., were selling methamphetamine out of their home and that they were possibly using it themselves. Patricia again refused to make herself available for drug testing and the Agency ultimately deemed the referral inconclusive. About a year later, the Agency received another referral alleging that Patricia had left the children

2

home alone for long periods of time, that Patricia was verbally abusive toward the oldest child, and that Patricia and Daniel, Sr., engaged in physical altercations in the presence of at least the oldest child. Patricia was again asked to drug test but failed to do so. The Agency deemed the referral unfounded for general neglect and inconclusive for emotional abuse.

In the summer of 2015, Patricia and Daniel, Sr., got into an argument in front of the home. All three children were present and able to hear the argument. At some point, Patricia ran inside the house and locked the door. Daniel, Sr., crawled into the house through a window and Patricia ran into her oldest child's room and locked that door. Daniel, Sr., kicked in the door to the bedroom and proceeded to hit Patricia, who was hiding behind her oldest child. Police arrived on the scene, arrested Daniel, Sr., and made a referral to Child Protective Services (CPS) due to the children being present during the altercation.

Patricia initially refused to let the social worker into her home. While the social worker was waiting for Patricia outside the home, a neighbor approached and told the social worker that she thought Patricia was using "speed" because Patricia had offered it to her in the past, and Patricia had told her that Patricia's sister had been arrested for transporting drugs and that Patricia had also transported drugs. Patricia eventually agreed to an interview and signed a safety plan that required her to have no contact with Daniel, Sr., for 30 days. However, she refused to drug test. The social worker set up drug testing for Patricia a couple of weeks later, but Patricia failed to show up, later explaining that

3

she did not have an identification card. The social worker provided Patricia with a discount form to obtain an identification card.

In September 2015, the Agency filed petitions on behalf of all three children alleging that the children had suffered, or that there was a substantial risk the children would suffer, serious harm as a result of the violent confrontations between Patricia and Daniel, Sr., and the failure or inability of Patricia to protect them. The court found that the Agency had made a prima facie showing under Welfare and Institutions Code section 300, subdivision (b)(1)[1] and detained all three children.

In November, the social worker reported that Patricia had been proactive in following through with the recommended services, with the exception of drug testing. At the contested jurisdiction hearing that same month, the court made true findings on the petition.

In January 2016, the social worker received information indicating that Patricia and Daniel, Sr., were living together at Patricia's house, and that they were partying and using illegal drugs. Patricia remained guarded about drug testing.

At the disposition hearing, Patricia submitted on the issue of relative placement for the children but continued to contest the Agency's recommendation that she be required to undergo drug testing. After hearing argument from the parties, the court ordered drug testing as part of Patricia's case plan, explaining that the court believed there was a direct

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

4

connection between drug use and behavior that leads to domestic violence, and that drug testing was part of the overall plan to try to help Patricia and the children reunify.

DISCUSSION

When the court removes a child from parental care, it is typically required to order the Agency to create a reunification plan and provide reunification services to the parent or parents. (§ 361.5, subd. (a).) The reunification plan must be appropriate to address the unique facts of the individual family and the services offered must be designed to eliminate the conditions that led to the court sustaining a petition and detaining the child in the first instance. (§ 361.5, subd. (a); *In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006 (*Christopher H.*).) When the court is aware of deficiencies that impede a parent's ability to reunify with the child, even if they have not yet affected the parent's ability to care for the child, the court may address those deficiencies in the reunification plan. (*Christopher H.*, at p. 1008.) At the disposition hearing, the court has broad discretion to determine what would best serve and protect the child's interests and to fashion a dispositional order in accordance with this discretion. (*Id.* at p. 1006.) The court's determination will not be reversed absent a clear abuse of that discretion. (*Ibid.*; *In re Jose M.* (1988) 206 Cal.App.3d 1098, 1103-1104 [applying abuse of discretion standard to order requiring formal supervision of visitation].)

To the extent that Patricia challenges the sufficiency of the evidence supporting the order that she undergo drug testing, we uphold the juvenile court's findings and orders if they are supported by substantial evidence. (*In re Amos L.* (1981) 124 Cal.App.3d 1031, 1036-1037.) Pursuant to that standard, we consider the evidence in the light most

favorable to the prevailing party and do not reweigh the evidence, evaluate the credibility of witnesses, or resolve evidentiary conflicts. (*In re Autumn H.* (1994) 27 Cal.App.4th 567, 576.) Both the abuse of discretion and the substantial evidence standards of review presume deference to the trial court. (*In re Robert L.* (1993) 21 Cal.App.4th 1057, 1065.)

Patricia argues that the juvenile court abused its discretion in ordering random drug testing as part of her reunification plan because there was no substantial evidence that she was using drugs or abusing alcohol. We conclude that the order requiring Patricia to undergo drug testing as part of her case plan was appropriate to address the unique facts of the individual family and to protect the children and, therefore, was not an abuse of discretion. Further, we conclude there is substantial evidence to support the court's implicit finding that Patricia may have an ongoing problem with drugs, and that drug testing was therefore warranted.

The court recognized that the children were detained as a result of domestic violence, and not drug abuse, but explained that there is frequently a direct relationship between drug use—methamphetamine in particular—and the behavior that leads to domestic violence. Patricia admitted having used methamphetamine, as well as marijuana, in the past. In addition, the Agency had received numerous reports over the past three years indicating that Patricia was using methamphetamine, selling methamphetamine out of the family home, had offered methamphetamine to a neighbor, and had been involved in transporting drugs across the border. One of the children indicated that Patricia had been going out "partying" at night with her aunts for the past three years and, at times, did not return home until the following day. Patricia admitted

6

that she sometimes did not return home after going out in the evenings. Finally, two separate reports indicated that Patricia had been using drugs and having late night rowdy parties at the family home after the children were removed. Because Patricia's involvement with drugs posed a risk of interfering with her ability to reunite with and care for her children, the court did not abuse its discretion in ordering Patricia to undergo drug testing as part of her reunification plan. (See *In re Christopher H.*, *supra*, 50 Cal.App.4th at p. 1007.)

Patricia makes several arguments regarding the lack of evidence of drug use. First, Patricia argues that her admitted drug use was in the past. However, past conduct may be probative of current conditions. (See *In re S.O.* (2002) 103 Cal.App.4th 453, 461). Further, as discussed, there were numerous reports of her involvement in drug related activity within the past three years. Patricia also argues that the prior allegations were ultimately deemed inconclusive, but that does not preclude the court from considering the prior allegations, as part of the totality of evidence, at the disposition hearing. Next, Patricia argues that the allegations were made by anonymous and unidentified sources. This is not accurate—one was made by a neighbor who spoke directly with the social worker and another was made by one of Patricia's children. Finally, Patricia argues that her refusal to submit to voluntary drug testing is not evidence of the need for mandatory testing, but there is no indication that the court ordered testing based on Patricia's refusal to undergo voluntary testing. Regardless, her consistent refusal to undergo voluntary testing was additional circumstantial evidence indicating possible continued drug use and we are not aware of any authority indicating that the

7

court could not consider this as a factor in ordering drug testing. We conclude that there was substantial evidence before the court indicating that ongoing drug use was a potential barrier to reunification.

Patricia also argues that the drug testing requirement in the reunification plan was not properly tailored to her specific circumstances, relying on *Patricia W. v. Superior Court* (2016) 244 Cal.App.4th 397. Patricia's reliance on *Patricia W.* is misplaced. The court there was not concerned with whether the juvenile court had proper justification for the services it had imposed, but rather, whether adequate services were provided to address all issues and support reunification prior to the termination of parental rights. (*Id*. at p. 419.) Here, the court acted appropriately to ensure that the reunification plan addressed all issues that could prevent reunification, including drug abuse, thereby seeking to avoid the problem addressed in *Patricia W.*

Finally, Patricia argues that there was no evidence that drug or alcohol abuse had contributed to the domestic violence, or the resulting dependencies. Patricia relies on *In re Sergio C.* (1999) 70 Cal.App.4th 957, in which the court noted that the trial court has "broad discretion to make virtually any order deemed necessary for the well-being of the child" but nevertheless reversed an order requiring the child's father to submit to random drug testing. In that case, the *only* evidence of drug abuse was a single, unsworn statement of the child's mother, a known drug abuser herself, to the social worker, which the father flatly denied. (*Id*. at p. 960.) In addition, the Agency conceded that the petition should not have been sustained as against the child's father in the first instance. (*Ibid*.) Here, in contrast, the court sustained the petition as against Patricia and there are

8

numerous reports over a period of several years from various individuals, as well as Patricia's own admission, indicating Patricia's involvement, in one way or another, with drugs.

## DISPOSITION

The order is affirmed.

AARON, J.

WE CONCUR:

McCONNELL, P. J.

McDONALD, J.