Filed 12/15/21  In re Baby Boy G. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re BABY BOY G., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>    Plaintiff and Respondent,<br><br>            v.<br><br>P.C.,<br><br>    Defendant and Appellant. | F082780<br><br>(Super. Ct. No. JD141674-00)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Susan M. Gill, Judge.

Nicholas J. Mazanec, under appointment by the Court of Appeal, for Defendant and Appellant.

Margo A. Raison, County Counsel, and Judith M. Denny, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Meehan, Acting P. J., Snauffer, J. and DeSantos, J.

In this juvenile dependency case, newborn Baby Boy G. was ordered removed from his mother's custody (Welf. and Inst. Code,[1] § 361), and his mother and his noncustodial presumed father, P.C. (father), were ordered to be provided with reunification services. Father appeals from the part of the court's dispositional order that requires him to abstain from alcohol and undergo random alcohol testing as part of his reunification services. Father contends the court abused its discretion by making the order because insufficient evidence supported the court's finding father abused alcohol. We agree and reverse the juvenile court's order that father must abstain from alcohol and undergo alcohol testing.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2020, the Kern County Department of Human Services (department) filed a petition on behalf of Baby Boy G. and two of Baby Boy G.'s half siblings alleging they came within the juvenile court's jurisdiction under section 300, subdivision (b)(1). It was alleged Baby Boy G. was at substantial risk of physical harm due to (1) the unsanitary and dangerous condition of mother's home, and (2) mother's substance abuse and mental health issues evidenced by Baby Boy G. testing positive for amphetamine, methamphetamine, and THC at the time of his birth; mother continuing to test positive for illicit substances; and mother having untreated depression and anxiety.

Father was Baby Boy G.'s presumed father and a noncustodial parent at the time of initial removal. No jurisdictional allegations pertained to him. He was a widower and lived with his late wife's parents and two of his children, ages 12 and 14, in California City, California. He had four children in total including one adult son who did not live with him and Baby Boy G. He stayed in a motel in Los Angeles, where he worked in construction, during the week. Father's children's grandparents cared for his children

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

during the week while he worked, and he would stay with them on the weekends. On February 3, 2021, he submitted to a random drug test with negative results.

Father had a child welfare referral from September 2012 alleging general neglect by him and the children's mother. It was reported that the mother and father were smoking marijuana in front of the children, aged four, six, and 11, and that father "drinks and gets drunk in front of the kids daily after he gets home from work." The referral was investigated, and the allegations of general neglect were deemed unfounded "as the marijuana and alcohol use is reported to be away from the children, and the children do not report any concerns or observed drug use." It was further reported that "the children's needs seem to be met, and they do not report any negligence," and the mother's marijuana use appeared to be for pain management and medicinal purposes.

On February 11, 2021, the juvenile court found the petition true and that Baby Boy G. and his half siblings were described by section 300, subdivision (b)(1). The court continued the matter for the dispositional hearing and ordered the department to assess father as well as Juan J., another noncustodial father of one of Baby Boy G.'s half siblings, for custody of their respective children.

On February 17, 2021, the department received an anonymous phone call reporting that father had a "drinking problem." The individual stated they knew the children had been removed from mother but were "not sure if [] father is receiving any type of services for his drinking problem. The individual stated they did not have concern for father's other children as their maternal grandparents helped care for them.

The department scheduled a visit to assess father's home, but his mother-in-law canceled the appointment. Father reported he was upset that she had done so and further that he had bought a crib for Baby Boy G. and had nothing to hide. Father denied drug use and stated he drank beer "from time to time but not all day." He stated he was willing to submit to testing.

3.

Thereafter, it appears father did not submit to drug testing at the advice of his attorney. During a conversation in April 2021, however, father again told the department he was agreeable to testing. During the same conversation, father further informed the department his in-laws did not want to have their home assessed or provide information for background checks, so he was looking into securing other housing in order for Baby Boy G. to be placed with him. It appears the only test father completed was the February 3, 2021 test, the results of which were negative.

In its dispositional report, the department recommended father receive reunification services including parenting/neglect counseling and random drug and alcohol testing due to "prior drug use and current alcohol abuse."

At the disposition hearing, father's counsel stated father was withdrawing his request for placement of Baby Boy G. at that time because his in-laws did not want to comply with the background check and he was just requesting services. Father's counsel further argued that no evidence supported orders that he abstain from alcohol, test for alcohol, or attend parenting counseling. Baby Boy G.'s counsel concurred with father's counsel's position, while counsel for the department maintained the position taken in the report.

Before making its ruling, the juvenile court questioned the parties regarding the logistics of father being able to test in Los Angeles County where he worked. The following colloquy occurred:

> "[FATHER'S COUNSEL]: Your Honor, … I know we're looking at the location, but in regards to the sufficiency of the evidence, what are we basing it on for [father] to be asked to test? Should we even find a location for him to be able to work that out?
>
> "THE COURT: Well, the report indicates that there is at least one report of him being an alcoholic. He was scheduled for a test and didn't

4.

test because he'd had three beers that day.[2]  I think there's a sufficient basis to require testing.

"[FATHER'S COUNSEL]:  To require testing and abstaining.  From my understanding, it was an anonymous referral.

"THE COURT:  It was.

"[FATHER'S COUNSEL]:  And in addition to that, there is no DUIs, no criminal convictions, nothing to say that his use of alcohol would put the child at risk in any shape, form, or fashion.  Just saying that an individual used alcohol and didn't want to test that day is within their legal right.  And then—

"THE COURT:  It is.

"[FATHER'S COUNSEL]:  [I]n regards to the test, he did provide a test for the Department in early February, which was negative and that currently stands.  However, to find that he needs to test and/or abstain from the use of alcohol period just seems extreme and not supported.

"THE COURT:  Okay."

The court ordered Baby Boy G. removed from mother's custody.  The court ordered both mother and father to receive reunification services.  The court ordered father to provide suitable housing for Baby Boy G. and to abstain from and engage in testing for alcohol.  In so ordering, the juvenile court addressed father's counsel, stating:  "I understand what you're saying … about alcohol being legal and that this being an anonymous report that he is an alcoholic, but if he didn't want to test because he'd had three beers that day, I am concerned that that is some evidence supporting the anonymous report of his alcohol abuse, and I would like some objective measure, since he is seeking—may be seeking custody down the road and working towards reunification.

---

**2**	This appears to be a direct reference to an incident which occurred, not with father, but with Baby Boy G.'s half sibling's father, Juan J.  In a supplemental dispositional report dated March 29, 2021, it was reported that on February 24, 2021, Juan told the social worker he was concerned about testing because "he had drank 3 beers."

## DISCUSSION

Section 362, subdivision (d) authorizes the juvenile court to "direct any reasonable orders to the parents" of a dependent child as the court deems necessary and proper to ensure appropriate care, supervision, custody, conduct, maintenance, and support of the child. (§ 362, subd. (d).) The juvenile court has "broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accord with this discretion." (*In re K.T.* (2020) 49 Cal.App.5th 20, 25.) This discretion "permits the court to formulate disposition orders to address parental deficiencies when necessary to protect and promote the child's welfare, even when that parental conduct did not give rise to the dependency proceedings." (*Ibid.*)

We review the juvenile court's disposition orders for an abuse of discretion (*In re I.R.* (2021) 61 Cal.App.5th 510, 521), reviewing factual findings underlying the orders for substantial evidence. (*In re K.T.*, *supra*, 49 Cal.App.5th at p. 25.)

To support its order that father abstain from and submit to testing for alcohol, the juvenile court concluded father abused alcohol based on the February 2021 anonymous phone call reporting father had a "drinking problem," which it found was corroborated by an incident where father admitted he had had three beers on a day he was scheduled to test. The parties agree that the juvenile court misattributed the latter fact to father as the record demonstrates Juan J., Baby Boy G.'s half sibling's father, was the party who admitted to drinking three beers on a day he was supposed to test. Without this misattributed fact, father contends no substantial evidence supported the court's finding father abused alcohol and thus the order was an abuse of discretion. We agree.

First, the juvenile court's reliance on the three-beers' incident was an independent abuse of discretion. (See *Waterwood Enterprises, LLC v. City of Long Beach* (2020) 58 Cal.App.5th 955, 966 ["A trial court … abuses its discretion if it relies on a fact wholly unsupported by the evidence."].) Moreover, the juvenile court used the misattributed fact to corroborate the claim made in the anonymous call. Without this corroboration, the

6.

juvenile court could not rely solely on the anonymous call to support its finding father abused alcohol. We agree with father that the present case is similar to *In re Sergio C.* (1999) 70 Cal.App.4th 957. In *Sergio C.*, the appellate court reversed the part of the juvenile court's dispositional order requiring the parent to submit to random drug testing where the only evidence of the parent's alleged drug use was the other parent's unsworn and unconfirmed allegation. (*Id.* at p. 960.) The appellate court noted that it did "not think drug testing ought to be imposed based solely on the unsworn and uncorroborated allegation of an admitted drug addict who has abandoned her children." (*Ibid.*) Here, we cannot even evaluate the source of the report of father's alleged drinking problem like the appellate court could in *Sergio C.*, as it was anonymous. The report here is even weaker in evidentiary value than the one deemed insufficient in *Sergio C.* and we similarly cannot find an order of abstention from and testing for alcohol can be based solely on the anonymous call here.

The department's attempt to distinguish *Sergio C.* is unconvincing. The department argues that the anonymous claim father had a "drinking problem" was corroborated by other evidence on the record besides the three-beers' incident. The department first contends the 2012 referral reporting father drank alcohol in the presence of the children supported a "reasonable inference" that father had an "alcohol abuse problem in the past." The department acknowledges it determined the allegation of *general neglect* was unfounded but asserts there was nonetheless evidence father drank alcohol. The department further contends that against this backdrop the totality of the evidence—father's refusal to test, the anonymous call, and father's admission he drinks—supports a finding that father's "alcohol abuse problem" has persisted.

We disagree with the department's premise that any of the evidence supports a finding father "abuse[d]" alcohol. At most, the evidence highlighted by the department supports a finding father *used* alcohol, but we do not agree it supports a finding he abused it to the extent it would affect Baby Boy G.'s well-being so as to justify the court's order.

(Cf. *In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1007 [drug and alcohol testing order upheld where the parent's substance abuse posed "a potential risk of interfering with his ability to make a home for and care for" the minor evidenced by three driving under the influence offenses, including one causing injury resulting in the parent's incarceration, and where the minor had special needs].) We note alcohol is a legal substance, and father was a noncustodial, nonoffending parent who provided a negative test for all substances and had no criminal history related to alcohol. We conclude the evidence here cannot substantiate the juvenile court's finding father *abused* alcohol; therefore its order that father abstain from and submit to testing for alcohol was an abuse of discretion.

We note our conclusion is limited to the evidence before the court at the time of the dispositional hearing. Certainly, if during the pendency of the case, it appears father is abusing alcohol in a way that affects Baby Boy G.'s well-being, the juvenile court can modify the reunification plan accordingly. (See *In re Basilio T.* (1992) 4 Cal.App.4th 155, 173, fn. 9; see also § 366.21, subd. (e)(7).)

## DISPOSITION

The part of the juvenile court's dispositional order requiring father to abstain from alcohol and undergo alcohol testing is reversed. In all other respects, the court's dispositional findings and orders are affirmed.